**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY JONES,

                Petitioner - Appellant,

    v.

JEFF PREMO,

                Respondent - Appellee.

No. 11-35760

D.C. No. 1:07-cv-01473-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted March 7, 2013
Portland, Oregon

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

Petitioner Jeffrey Jones appeals the district court's denial of his petition for a

writ of habeas corpus. We affirm.

We review the denial of a habeas corpus petition brought under 28 U.S.C.

§ 2254 *de novo*. *Arredondo v. Ortiz*, 365 F.3d 778, 781 (9th Cir. 2004). We

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

cannot grant a habeas petition unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

The Oregon Court of Appeals refused to apply the Supreme Court's decision in *Lilly v. Virginia*, 527 U.S. 116 (1999), to Jones's challenge under the Sixth Amendment and held that the confession of Jones's accomplice was admissible at trial. We have previously held that *Lilly* was clearly established federal law. *See Forn v. Hornung*, 343 F.3d 990, 995 n.4 (9th Cir. 2003).

Under then-controlling Supreme Court precedent,[1] out-of-court statements not within a firmly rooted hearsay exception were inadmissible under the Confrontation Clause unless they contained particularized guarantees of trustworthiness. *Ohio v. Roberts*, 448 U.S. 56, 66 (1980). *Lilly* held that accomplice confessions implicating a defendant on trial are presumptively unreliable. *Lilly*, 527 U.S. at 131. Also, it is "highly unlikely" that the presumption can be overcome when the accomplice's confession spreads blame to

---

[1] *Crawford v. Washington*, 541 U.S. 36 (2004), overruled *Ohio v. Roberts*, 448 U.S. 56 (1980), under which *Lilly* was decided. But the parties do not dispute that the pre-*Crawford* cases apply to this claim.

2

another and the government is involved in the confession's production. *Id.* at 137. The confession of Jones's accomplice implicated Jones in the murder and was given while the accomplice was in police custody. The Oregon court's decision to refuse to apply *Lilly* to Jones's Confrontation Clause claim was therefore contrary to clearly established federal law. *See Forn*, 343 F.3d at 996.

But that does not end our inquiry. A violation of the Confrontation Clause is subject to harmless error analysis. *Welchel v. Washington*, 232 F.3d 1197, 1205 (9th Cir. 2000). Accordingly, we must determine whether the admission of the confession "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abramson*, 507 U.S. 619, 637 (1993) (internal quotations omitted). An error has substantial and injurious effect when the error "had or reasonably may be taken to have had [effect] upon the jury's decision." *Whelchel*, 232 F.3d at 1206 (internal quotations and citation omitted).

Here, the other evidence that implicated Jones was substantial. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (articulating non-exclusive list of factors to consider when determining substantial influence). Even without the accomplice's confession, it seems unlikely that the jury would have believed Jones's implausible testimony, which included self-incriminating statements and contradicted several inconsistent tales he told the police. *See id.* We conclude that

3

the jury's decision would not have been affected had the confession been excluded from trial, so the erroneous admission of the confession did not have a substantial and injurious effect.

**AFFIRMED**.